Filed 1/14/22  P. v. Porche CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C091519 |
| Plaintiff and Respondent, | (Super. Ct. No. MAN-CR-FDV-2017-0010817) |
| v. | |
| JOSEPH LAWRENCE PORCHE, | |
| Defendant and Appellant. | |

Defendant challenges the trial court's denial of his motion to seal certain arrest records pursuant to Penal Code section 851.91.[1]  He argues the trial court erred in refusing to seal the records of two domestic violence arrests that occurred on dates different than a third illegal eavesdropping charge made in the same information to which he ultimately pleaded no contest.  We disagree.  Nothing in section 851.91 or its legislative history suggests that the law was meant to allow a defendant to seal charges

---

[1]    Undesignated statutory references are to the Penal Code.

1

dismissed as part of a no contest plea to one of several charges in a pending information. Accordingly, we will affirm the trial court's order.

BACKGROUND

As explained in our unpublished decision upholding the judgment in defendant's previous appeal, "the People filed an information collectively charging defendant with felony corporal injury on a spouse (§ 273.5, subd. (a)–count 1), dissuading a witness from prosecuting a crime (§ 136.1, subd. (b)(2)–count 2), and misdemeanor corporal injury on a spouse (§ 273.5, subd. (a)–count 3)." (*People v. Porche* (Oct. 25, 2019, C087804) [nonpub. opn.].) These charges arose from incidents alleged to have occurred between July 1 and August 1, 2017.[2]

On July 20, 2018, the day on which defendant's trial on the felony information was to start, defendant struck a plea deal. The People agreed to amend the information so that count 1 would allege a misdemeanor violation of section 632 (surreptitious recording of private conversations), defendant would plead no contest to count 1 and receive three years' informal probation. The deal also provided that the criminal protective order for the victim would remain in place but would be modifiable by the family court. All remaining charges would be dismissed in the interests of justice. The stipulated factual basis for the plea identified July 28, 2017, as the day of the illicit recording. Defendant was sentenced in accordance with the plea agreement, and we upheld the judgment on appeal.

On January 18, 2019, defendant petitioned to seal the records of his two domestic violence arrests pursuant to section 851.91. On October 7, 2019, he filed a motion under section 851.8 to seal and destroy the same records. On October 17, 2019, defendant moved to terminate his informal probation.

---

[2]    Additional procedural history of defendant's original prosecution is set forth below in connection with our analysis of defendant's claims.

A joint hearing on these motions was held over three days in January 2020, during which defendant presented evidence and his own testimony to prove his factual innocence of the domestic violence charges for which he was arrested on July 4 and August 1, 2017. At the end of the hearing, the trial court granted defendant's motion under section 851.8, which was stayed pending the People's anticipated appeal. The court also granted defendant's request for termination of his probation. The court's post-hearing minute order reflected a denial of the section 851.91 motion. Both defendant and the People appealed these decisions. However, only the propriety of the section 851.91 denial is before us in this appeal.[3]

## DISCUSSION

Defendant argues the trial court erred in denying his section 851.91 petition. Specifically, he contends that his no contest plea to a charge not implicated by his domestic violence arrests should not count as a conviction for purposes of section 851.91. We disagree.

Defendant's argument on appeal requires that we interpret section 851.91. This is a task we conduct de novo. (*Imperial Merchant Services, Inc. v. Hunt* (2009) 47 Cal.4th 381, 387.) "Under settled canons of statutory construction, in construing a statute we ascertain the Legislature's intent in order to effectuate the law's purpose. [Citation.] We must look to the statute's words and give them 'their usual and ordinary meaning.' [Citation.] 'The statute's plain meaning controls the court's interpretation unless its words are ambiguous.' [Citations.] 'If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.' [Citation.]" (*Id.* at pp. 387-388.)

---

[3]     We grant defendant's unopposed motion to dismiss the People's appeal for failure to file an opening brief. (Cal. Rules of Court, rule 8.54(c).)

Section 851.91 was added by Senate Bill No. 393 (2017-2018 Reg. Sess.) (Senate Bill 393), effective January 1, 2018. Subdivision (a) of section 851.91 provides: "(a) A person who has suffered an arrest that did not result in a conviction may petition the court to have his or her arrest and related records sealed, as described in Section 851.92." It continues in pertinent part: "(1) For purposes of this section, *an arrest did not result in a conviction if any of the following are true*: [¶] . . . [¶] (B) The *prosecuting attorney filed an accusatory pleading based on the arrest, but, with respect to all charges*, one or more of the following has occurred: [¶] (i) *No conviction occurred, the charge has been dismissed, and the charge may not be refiled*. [¶] (ii) No conviction occurred and the arrestee has been acquitted of the charges. [¶] (iii) A conviction occurred, but has been vacated or reversed on appeal, all appellate remedies have been exhausted, and the charge may not be refiled." (§ 851.91, subd. (a)(1)(B)(i)-(iii), italics added.)

An individual satisfying the elements of subdivision (a) is entitled as a matter of right to have his or her arrest records sealed unless, as relevant here, the defendant has suffered an arrest for domestic violence and has a pattern of domestic violence as defined by the statute.[4] (§ 851.91, subd. (c)(1), (2).) If the exception applies, then a defendant is only entitled to relief upon a showing that "the sealing would serve the interests of justice . . . ." (§ 851.91, subd. (c)(2)(A)(i).) Although defendant was attempting to seal two domestic violence arrest records, there is nothing in the record to suggest that he had suffered a "pattern" of such arrests. Accordingly, we will limit our discussion to eligibility for relief as a matter of right.

Defendant posits that he is entitled to relief under section 851.91, subdivision (a)(1)(B)(i), but, as highlighted above, this subdivision only would entitle him to relief if

---

[4] Section 851.91, subdivision (c)(2)(A)(ii) defines " 'pattern' " as "two or more convictions, or five or more arrests, for separate offenses occurring on separate occasions within three years from at least one of the other convictions or arrests."

4

"[t]he prosecuting attorney filed an accusatory pleading based on the arrest, but, with respect to *all charges*, . . . [¶] [n]o conviction occurred . . . ." (Italics added.) The statute does not define "conviction" beyond the eligibility requirements and disqualifications delineated in subdivision (a), but this term has a commonly understood meaning. Conviction has been defined in case law as the "ascertainment of guilt by the trial court." (See, e.g., *People v. Clapp* (1944) 67 Cal.App.2d 197, 200.) Accordingly, as defendant must concede, a "conviction" occurred on the People's accusatory pleading by virtue of his no contest plea admitting guilt under section 632.

Defendant nonetheless argues he is entitled to relief under section 851.91, subdivision (a)(1)(B)(i) because he had arrests for domestic violence, which arrests did not result in any conviction "with respect to all charges arising from the domestic violence arrests." Defendant cleverly seeks to parse the accusatory pleading and use his plea agreement to his advantage by arguing that his ultimate conviction was for illegal recording, which crime occurred on a different day than the domestic violence arrests. We decline defendant's invitation to read the statute in this manner and to ignore the context of his no contest plea. Defendant admitted guilt to part of a criminal information alleging misconduct that was connected to and adjudicated with the very arrest records he seeks to seal.

No one questions that an information is an "accusatory pleading" filed by the People in a criminal action alleging that a defendant violated the law. (See, e.g., §§ 949-951.) Here, defendant initially was charged by information with two counts of domestic violence, as well as witness tampering. This followed a preliminary hearing on the People's complaint arising from one of the two complained-of arrests. This information combined the charges arising from both arrest reports and added a witness tampering charge. The information withstood defendant's motion to dismiss for insufficient evidence. On the day of trial, defendant chose to resolve the charges in the accusatory pleading by agreeing to an amendment of the information and a no contest plea to the

5

section 632 count. Accordingly, it is clear to this court that defendant cannot show that no conviction occurred "with respect to *all* charges" in the information.[5] (§ 851.91, subd. (a)(1)(B)(i), italics added.) Nor is defendant eligible for relief under section 851.91, subdivision (a)(1)(B)(iii) given that we upheld that conviction on appeal. Our review of the legislative history underlying section 851.91 also does not assist defendant. Nothing in Senate Bill 393's history suggests that legislators intended section 851.91 to apply to the circumstances presented in this case. As such, defendant has failed to show that the trial court erred.

DISPOSITION

The judgment is affirmed.

      KRAUSE      , J.

We concur:

      RAYE      , P. J.

      HULL      , J.

---

[5] We recognize that the illicit recording occurred on a different day than the two domestic violence arrests, but note that it occurred between these two arrests and, for our purposes, concerns the same subject matter, to wit, defendant's alleged mistreatment of his former spouse for whom the plea deal included the continuation of the criminal protective order. We likewise disagree with defendant's contention that subdivision (a)(2)(A)-(D) of section 851.91 identifies the only petitioners who are not eligible for relief under the statute.